[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-10075

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTONIO MONARREZ-CEPEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:24-cr-00013-TES-CHW-1

_____

Before JORDAN, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Antonio Monarrez-Cepeda appeals his 18-month imprisonment sentence for illegal reentry into the United States after prior removal.  Monarrez-Cepeda asserts his sentence, which was a six-month upward variance, is substantively unreasonable because the district court committed a clear error of judgment by giving significant weight to his criminal history and the need for deterrence.  After review,[1] we affirm.

Section § 3553(a)'s "overarching" instruction to sentencing courts is that any sentence, whether within the Guidelines range or through a departure or variance, must be sufficient but not greater than necessary to comply with the purposes listed in § 3553(a).[2] *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).  We will vacate

---

[1] When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

[2] These purposes include the need to reflect the seriousness of the offense, promote respect for the law, sufficiently punish the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the types of sentences available, the applicable Guidelines range, any pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly-situated defendants, and the need to provide restitution to any of the defendant's victims. *Id.* § 3553(a)(1), (3)-(7).

a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation marks omitted). Where a district court explains that a variance is supported by one or more of the sentencing factors, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

Monarrez-Cepeda's 18-month sentence is not substantively unreasonable. The district court acted within its discretion in placing considerable weight on his criminal history and the need for deterrence in imposing a 6-month upward variance. *Gall*, 552 U.S. at 51; *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (explaining that though the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and the court may attach great weight to one factor over the others); *United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015) (stating a district court's decision to place "substantial weight" on a defendant's

criminal record is consistent with the § 3553(a) factors because five of the factors relate to criminal history).

First, Monarrez-Cepeda's argument that the district court committed a clear error of judgment by giving significant weight to his criminal history and the need for deterrence is unavailing, as the court was within its discretion in giving substantial weight to both factors, given his status as a repeat offender who had illegally reentered the United States multiple times. *See Butler*, 39 F.4th at 1355 (stating a district court may impose an upward variance "if it concludes that the Guidelines range was insufficient in light of a defendant's criminal history"); *Rosales-Bruno*, 789 F.3d at 1264 (explaining a district court may find a properly calculated Guidelines range that incorporates a defendant's criminal history does not account for the nature of the prior offenses or the continuous pattern of criminal behavior); *United States v. Moran*, 778 F.3d 942, 983-84 (11th Cir. 2015) (stating a district court may impose an upward variance for criminal history despite the fact that a defendant's criminal conduct is already accounted for when calculating a defendant's Guidelines range). Additionally, contrary to his argument, the district court was free to consider Monarrez-Cepeda's prior illegal entry and illegal reentry convictions, regardless of their age or whether they were already accounted for in his Guidelines range. *See United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2007) (stating in addition to the sentencing factors, courts may consider any information relevant to a defendant's background, character, and conduct in imposing a variance).

Monarrez-Cepeda's argument the district court erred by ignoring his "significant" familial ties to the United States also fails, as the district court's failure to discuss his family does not render his sentence substantively unreasonable, particularly when considering that, during his sentencing hearing, the court stated it had considered the PSI, which included information on his family ties to the United States. *See United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010) (stating the district court's failure to specially mention at sentencing certain mitigating factors, such as the defendant's family, did not render a well-considered sentence substantively unreasonable); *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (stating the failure to discuss mitigating factors cited by the defendant does not indicate that the court "erroneously 'ignored' or failed to consider this evidence"). Finally, while Monarrez-Cepeda contends there was "no need" for the six-month upward variance, the district court explained that three sentencing factors—his history and characteristics, the need to afford adequate deterrence, and the need to avoid unwarranted sentencing disparities between similarly-situated defendants—warranted such an upward variance, and this Court must give due deference to the court's decision that the § 3553(a) factors supported a variance. *See Gall*, 552 U.S. at 51. Accordingly, we affirm.

**AFFIRMED.**